UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                         :
UNITED STATES OF AMERICA                                 :
                                                         :
            -v-                                          :
                                                         :        25-CR-661 (VSB)
ROBERTO PALACIO,                                         :
                                                         :        **ORDER**
                                    Defendant.           :
                                                         :
-----------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

Before me is the Government's Motion for a Protective Order. (Doc. 34.) For the reasons stated below, the motion is GRANTED IN PART and DENIED IN PART, without prejudice to renewal.

## I.  Background

On January 20, 2026, the Government filed a letter motion for a protective order seeking a confidentiality designation for "Disclosure Material," including:

- Surveillance footage showing the defendant's vandalism of the African Burial Ground site ("Surveillance Footage");

- Body-worn camera footage of the defendant's arrest inside his mother's home ("BWC Footage"); and

- Internal law enforcement and government records regarding the remediation of the African Burial Ground site after the defendant's vandalism and regarding this investigation ("Government Records").

(Doc. 34 at 3.) According to the Government, Disclosure Materials may include materials that: "(i) would risk prejudicial pretrial publicity if publicly disseminated; (ii) may be produced with

1

more limited redactions than would otherwise be necessary; or (iii) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case." (Doc. 34-1 ¶ 1.)  Under the terms of the proposed Protective Order, Disclosure Materials "shall be used by the defense solely for purposes of defending this action," and Defendant and his counsel cannot post the material on "any Internet site or network site, including any social media site, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media." (*Id.* ¶ 2.)  On January 27, 2026, Defendant filed an opposition letter contesting all three categories of records—Surveillance Footage, BWC Footage, and Government Records.  (*See generally* Doc. 38.)

## II.  <u>Legal Standard</u>

Federal Rule of Criminal Procedure 16(d)(1) provides that a court may issue a protective order over materials produced during discovery.  Such protective orders are only appropriate upon a showing of good cause, which exists "when a party shows that disclosure will result in a clearly defined, specific and serious injury." *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y 2006) (quoting *Shingara v. Skiles*, 420 F.3d 301, 206 (3d Cir. 2005)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *United States v. Smith*, 985 F. Supp. 2d 506, 523 (S.D.N.Y. 2013) (paraphrasing *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007), *as amended* (July 2, 2007)); *see also United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) (requiring a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements").  Moreover, courts must "'ensure that the protection afforded to discovery information is no broader than is necessary to accomplish the proffered goals' of the protective order." *Smith*, 985 F. Supp. 2d at 524 (quoting *United States v. Lindh*,

198 F. Supp. 2d 739, 741 (E.D. Va. 2002)).

### III. Discussion

Here, the Government has established the requisite good cause under Rule 16 for BWC Footage of Defendant's arrest, because this footage contains clips of the Defendant's mother and the inside of her home. (Doc. 34 at 3.) "[C]ourts have recognized that the interests of third parties may justify restrictions on public access to judicial and other documents and materials." *Smith*, 985 F. Supp. 2d at 524 (collecting cases); *see also United States v. Simpson*, No. 09-CR-249, 2010 WL 3633611, at *2 (N.D. Tex. Sept. 20, 2010) ("The court can order the redaction of [third-party] names if it finds that substantial privacy interests would be violated by disclosure."). *Cf. United States v. Baker*, No. 20-CR-288, Doc. 38 at 5 (S.D.N.Y. Aug. 10, 2020) ("The Court is also persuaded that good cause exists to enter a protective order to ensure the safety of witnesses and alleged victims."). In this case, the video footage would implicate the privacy interests of a third party—Defendant's mother— and reveal information about her identity, likeness, and home, where she has a "legitimate privacy interest." *United States v. Johnson*, 314 F. Supp. 3d 248, 257 (D.D.C. 2018) (finding that Government showed good cause prohibiting Defendant from disclosing body-worn camera footage to public at large because this footage depicted a third party who had a legitimate privacy interest).

However, the Government has not established good cause to restrict the disclosure of Government Records and Surveillance Footage at this juncture. First, with respect to the Government Records, the Government provides no specific reason to limit the disclosure of these materials outside of a risk of "defendants' ability to post these materials online for self-aggrandizement." (Doc. 34 at 3.) While I acknowledge that the Defendant has previously shared materials relevant to this matter on social media, the Government fails to articulate what

"specific and serious injury" would result from the public disclosure of these records, *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d at 222, which is necessary when seeking to limit the distribution of essentially all law enforcement and internal government records associated with this investigation.  Indeed, if I were to accept the Government's position, this "would justify a protective order with respect to essentially any and all law enforcement records, which Rule 16 does not contemplate." *United States v. White*, 24-CR-300, Doc. 14 at 5 (S.D.N.Y. May 31, 2024) (rejecting part of the Government's Protective Order, which sought to identify all internal reports and law enforcement records in a firearms case as "Disclosure Materials").

There are numerous instances where courts in this District have rejected similar proposed protective orders that would, as the Government requests here, sweep broadly to cover essentially all law enforcement records.  *See, e.g.*, *United States v. Young*, 20-CR-391, Doc. 27, Tr. 17:1-7 (S.D.N.Y. Sept. 21, 2020) (in firearms case, rejecting the Government's blanket assertion that public disclosure of law enforcement records "would cause specific harm to law enforcement interests" by revealing "internal investigatory steps undertaken by the NYPD and the internal reports generated in connection with arrests and investigations"); *United States v. Hoskins*, 20-CR-399, Doc. 15, Tr. 7:4-11:1 (Sept. 1, 2020) (in firearms case, declining to order blanket protective order for law enforcement records, including NYPD records and body camera footage, over defense counsel's objection); *White*, 24-CR-300, Doc. 14 at 1, 4 (finding that the Government's justification that "internal reports and records" with the Bureau of Alcohol, Tobacco, Firearms, and Explosives should be subject to a protective order—because these records contain information of the internal workings of the agency and investigative —did not satisfy the good cause standard and essentially sought to limit the disclosure of all law

enforcement records).  Moreover, such a "broad protective order seems especially unwarranted in this case, which does not seem to be unusually complex or out of the ordinary."  *Young*, 20-CR-391, Doc. 27 at 17:12-14.

The Government further argues that the restriction on these records is "narrow in scope" and simply requires that the defense not post the materials on the internet or share the Disclosure Materials with the media.  (Doc. 34 at 5.)  However, Judge Ho rejected an almost-identical argument in *United States v. White*, finding that restrictions on the public disclosure of essentially all law enforcement records would contravene the purpose of Rule 16.  *See* 24-CR-300, Doc. 14 at 4–5.  In fact, in contrast to *White*, 24-CR-300, Doc. 9 at 5, the Government here does not even attempt to articulate possible concerns regarding the public's knowledge about law enforcement techniques.  Instead, it simply alleges that Defendant could share these materials online, like he has in other instances, without any further explanation of specific harm, (Doc. 34 at 3–4).  Without more, I cannot grant the Government protective order concerning all internal Government Records.

Second, the Government has also not established good cause to restrict the disclosure of Surveillance Footage.  Here, the Government only explains that disclosure of this footage would "effectively publicize and showcase vandalism of a national monument" and would "reveal the locations of surveillance cameras protecting federal institutions."  (Doc. 34 at 3.)  I find neither of these arguments persuasive.  First, the complaint filed by the Government contains photographs of the graffiti.  (Doc. 1.)  Second, the Government again fails to articulate specific harm arising from the public disclosure of Defendant's actions.  In fact, as Defense counsel notes, Defendant has already publicized his conduct on Instagram without any alleged specific harm.  (Doc. 38 at 4.)  A protective order would not sufficiently mitigate concerns about public

5

disclosure when Defendant already has access to some of the vandalism footage.  *Cf. United States v. Seales*, 20-CR-359, Doc. 20, Tr. 27:24-28:3 (Aug. 19, 2020) (noting that where "the NYPD's materials were earlier produced to [the defendant] in the context of a state prosecution, without any protective order in place," "[i]t is difficult, to say the least, to see why a protective order is necessary as to documents to which the defendant independently has unrestricted access.").  Additionally, as Defendant also points out, the Government itself routinely posts photos and evidence of alleged acts of vandalism publicly during the course of its prosecutions. (Doc. 38 at 4; *see also, e.g.*, Press Release, *Rioter Federally Sentenced for Damaging U.S. Government Property at Union Station Following Rally*, DEP'T JUSTICE  (Mar. 19, 2025), https://perma.cc/PSB7-JV3H (linking to multiple photos of the spray painting of "federal property")).  Under these circumstances, general concerns about public disclosure, without more, cannot meet the good cause standard under Rule 16.

I am conscious of the Government's worries that Defendant might choose to post this information publicly online, as he has already done so to promote his art exhibition.  (Doc. 34 at 4–5.)  By denying the Government's protective order in certain respects, I am not actively endorsing Defendant's unfettered use of these materials.  However, without the articulation of more specific harms, I cannot enter such a blanket protective order at this time.  Accordingly, I find that, at this stage, the Government has not established good cause to designate the Government Records and Surveillance Footage as Disclosure Materials.  That is not to say that the Government could not, on a more particularized basis, establish that at least some of these materials or any other records at issue should be designated as Disclosure Materials and subject to a protective order, or that changed circumstances could require a revisiting of the scope of the protective order.  However, for the reasons stated above, the Government's broad assertions and

general concerns about public disclosure as to these two categories of records are insufficient at this stage to warrant coverage by the protective order as Disclosure Materials.

## IV.    **Conclusion**

For the reasons stated above, the Government's motion is GRANTED with respect to the designation of the BWC Footage as Disclosure Materials but DENIED without prejudice in all other respects.  The Clerk of Court is respectfully directed to close the motion at Document 34. SO ORDERED.

Dated: March 2, 2026
      New York, New York

Vernon S. Broderick
United States District Judge